

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

AP-75,540

---

RAMIRO F. GONZALES, Appellant

v.

THE STATE OF TEXAS

---

On Direct Appeal From Cause No. 04-02-9091-CR
In the 38th Judicial District Court of
Medina County

---

*WOMACK, J., filed a dissenting opinion.*

The Court holds (*ante*, at 13-15) that the trial court did not abuse its discretion in allowing the psychiatrist to offer an expert opinion on the probability that the defendant will commit future acts of dangerousness that will constitute a danger to society.

The fact that there was no evidence introduced (and there seems to be no evidence at all, anywhere) of the reliability of these predictions of future dangerousness should be dispositive. "Now the ordinary rules of evidence require that evidence be reliable in order to be admissible. Reliability in the context of scientific evidence requires scientific validity. It is doubtful that

testimony about future dangerousness could withstand *Daubert* [*v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)] analysis."[1] We apply that analysis to psychiatrists' and psychologists' predictions of future dangerousness.[2]

It must always be remembered that the capital murderer who is not sentenced to death will be sentenced to prison for life without parole. So the relevant question is whether he will commit violent acts in prison.

Our laws permit people with communicable diseases to be quarantined. The laws are based on scientific research that has shown that, without quarantining, the diseases will be spread. Before we accept an opinion that a capital murderer will be dangerous even in prison, there should be some research to show that this behavior can be predicted reliably.

I respectfully dissent.

Filed June 17, 2009.
Do not publish.

---

[1] Erica Beecher-Monas & Edgar Garcia-Rill, "The Law and the Brain," 1 *Journal of Appellate Practice & Process* 243, 274 (1999).

[2] *Russeau v. State*, 171 S.W.3d 871, 883–84 (Tex. Cr. App. 2005).